1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No.  2:21-cv-1498 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| SOUTH PLACER CO. JAIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's motion to proceed in forma pauperis ("IFP") and complaint for screening.  For the reasons set forth below, this court will grant plaintiff's IFP motion, dismiss the complaint, and give plaintiff leave to file an amended complaint.[1]

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

////

---

[1] Plaintiff recently filed a request for a copy of the court's complaint form so that he may file an amended complaint.  This court's reasoning below should be helpful to plaintiff in amending his complaint.  Therefore, this court will issue the present order and direct the Clerk of the Court to provide plaintiff with a copy of the court's complaint form so that plaintiff may file an amended complaint.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.  Legal Standards for Civil Rights Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

2

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the Complaint**

Plaintiff is incarcerated at Salinas Valley State Prison. He complains of conduct that occurred when he was incarcerated at the South Placer County Jail in May 2021. It is not clear whether plaintiff was a pretrial detainee or a convicted prisoner in May 2021. In an amended complaint, plaintiff must identify his status at that time. Plaintiff names over ten defendants.

In his complaint, plaintiff describes numerous events. This court has attempted to identify what conduct plaintiff is alleging violated his Constitutional rights.

First, plaintiff contends that on May 23, 2021, he complained to jail staff that he was being denied medication for tooth pain. Plaintiff also contends here, as well as numerous times

throughout his complaint, that he was denied water.  Plaintiff states that defendants Waskowiak and Bogartiz then handcuffed him and while doing so pressed the cuffs into his arms.  As a result, plaintiff's wrist was injured and bled.  Plaintiff also claims he was subjected to verbal harassment and humiliation.

Second, plaintiff states that defendants Giomati and Wooden knew plaintiff was prescribed pain medications for back pain but refused to provide plaintiff with water so that he could take the medication.  His cell was then searched by defendants Walker and Lawica, who claimed to have discovered a pill in plaintiff's cell.  Plaintiff was then denied any pain medication by "medical."  In addition, unnamed defendants denied plaintiff an extra mattress and blankets, despite the fact he had been permitted those things.

Third, on May 24, 2021, plaintiff had a seizure and called for help.  Two officers responded, but "nothing changed."  Defendants Cerina, Lawica, and Johnson then accused plaintiff of having an improper mattress and covering his window.  Based on those accusations, plaintiff was placed in a restrictive seat and cell.

Plaintiff contends defendants' actions caused him pain in his arms, emotional distress that lead to a seizure and weight loss, humiliation, back pain, and vision problems.

**B. Does Plaintiff State Claims Cognizable under § 1983?**

Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983 for a number of reasons.  While plaintiff makes a broad range of allegations, he appears to be attempting to raise claims of excessive force, deliberate indifference to his medical needs, and, perhaps, challenges to the conditions of his confinement.

### 1. Excessive Force Claims are Insufficient

Plaintiff's allegations are insufficient to meet the legal standards for claims of excessive force.  Plaintiff should note that different legal standards apply depending on whether plaintiff was a convicted prisoner or a pretrial detainee in May 2021.  Plaintiff must explain his status in any amended complaint.

If plaintiff was a convicted prisoner, then his claims arise under the Eighth Amendment. In order to state a claim that a defendant has violated plaintiff's Eighth Amendment right to be

free of excessive force, plaintiff must allege facts showing that he was subjected to excessive physical force that was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline."  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (internal quotation omitted).

If plaintiff was a pretrial detainee in May 2021, then his claims arise under the Fourteenth Amendment.  To state a Fourteenth Amendment claim of excessive force, plaintiff must allege facts showing that a defendant's actions were objectively unreasonable in light of the facts and circumstances confronting him, regardless of the defendant's intent or motive.  Robinson v. Cty. of Shasta, 384 F. Supp. 3d 1137, 1149-50 (E.D. Cal. 2019) (citing Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)).

### 2. Medical Needs Claims are Insufficient

To the extent plaintiff contends a defendant violated his right to medical care, the standards under the Eighth and Fourteenth Amendments are essentially the same.  Under the Eighth Amendment, plaintiff must allege facts showing a defendant was deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Under the Fourteenth Amendment, plaintiff must allege facts showing a defendant's treatment of his serious medical need was objectively unreasonable.  See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018)

### 3. Any Conditions of Confinement Claim is Insufficient

Plaintiff may also be attempting to allege that the lack of drinking water was unconstitutional.  To show the lack of water violated his rights, plaintiff must show he faced a "substantial risk of serious harm" and that a defendant "disregard[ed] that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994); ); see also Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (same standard for allegations by pretrial detainee that conditions of confinement violated Fourteenth Amendment).  Under the Eighth Amendment, the inmate must also show that prison officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1          **4. Other Problems with Plaintiff's Allegations**

2          Plaintiff's contentions that he was subjected to harassment or was humiliated do not

3  amount to claims in a § 1983 action.  See Batton v. North Carolina, 501 F. Supp. 1173, 1180

4  (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state a claim under § 1983).

5  Further, relief for emotional distress alone is not recoverable in a proceeding under § 1983.  42

6  U.S.C. § 1997e(e) ("[n]o Federal civil action may be brought by a prisoner confined in jail,

7  prison, or other correctional facility, for mental and emotional injury suffered while in custody

8  without a prior showing of physical injury).

9          Plaintiff's complaint fails to clearly explain just what a defendant did and how that

10  defendant's actions violated his Constitutional rights and caused him injury.  Plaintiff must

11  identify as a defendant only a person who personally participated in a substantial way in

12  depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

13  1978) (a person subjects another to the deprivation of a constitutional right if he does an act,

14  participates in another's act or omits to perform an act he is legally required to do that causes the

15  alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights

16  violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations

17  omitted).

18          **CONCLUSION**

19          Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983.

20  Plaintiff will be given an opportunity to amend the complaint.

21          In an amended complaint, plaintiff must address the problems with their complaint that

22  are explained above.  Plaintiff is advised that in an amended complaint they must clearly identify

23  each defendant and the action that defendant took that violated plaintiff's constitutional rights.

24  The court is not required to review exhibits to determine what plaintiff's charging allegations are

25  as to each named defendant.  If plaintiff wishes to add a claim, they must include it in the body of

26  the complaint.  The charging allegations must be set forth in the amended complaint so

27  defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not

28  ////

6

provide every detailed fact in support of the claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. Cnty of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

7

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. Plaintiff's request (ECF No. 9) for a copy of the court's prisoner complaint form is granted.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: September 27, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/khad1498.scrn LTA

8