1

2

3

4

5

6

7                         UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DAVOOD KHADEMI,                          No.  2:21-cv-1498 KJM DB P

11                   Plaintiff,

12         v.                                 ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
13   SOUTH PLACER CO. JAIL, et al.,

14                   Defendants.

15

16         Plaintiff is proceeding pro se with a civil rights action.  Before the court are plaintiff's first

17   amended complaint for screening, a request for the appointment of counsel and an investigator, a

18   motion to consolidate this case with another case pending in this district, and a request for

19   preliminary injunctive relief.  Below, this court finds plaintiff has stated a cognizable claim

20   against defendants Waskowiak and Carelton for excessive force but has failed to state any other

21   claims.  Plaintiff will be given an opportunity to either amend his first amended complaint or

22   proceed on the cognizable claim in his current complaint.  In addition, this court denies plaintiff's

23   motions for the appointment of counsel and an investigator and for case consolidation.  Finally,

24   this recommends plaintiff's request for preliminary injunctive relief be denied.

25                                     **BACKGROUND**

26         Plaintiff alleges misconduct by numerous officers and others between February and May

27   2021 when he was in custody at the South Placer County Jail ("Jail").  He states that some of the

28   alleged misconduct took place while he was a pretrial detainee and some took place after he was

1

1  convicted.  The date of conviction appears to be April 27, 2021.  On May 28, 2021, plaintiff was

2  transferred to state prison.[1]  On January 21, 2022, plaintiff was transferred to Atascadero State

3  Hospital.

4        Plaintiff filed his original complaint on August 20, 2021.  (ECF No. 1.)  On screening, this

5  court found plaintiff failed to state a claim for relief cognizable under 42 U.S.C. § 1983.  Plaintiff

6  was given the opportunity to file an amended complaint.

7        On December 1, 2021, plaintiff filed a motion to appoint counsel and an investigator and

8  to consolidate this case with another case pending in this district.  (ECF No. 15.)  On December

9  10, plaintiff filed a motion for preliminary injunctive relief and again asked for case

10  consolidation.  (ECF No. 16.)  On December 27, plaintiff filed a first amended complaint.  (ECF

11  No. 18.)  Below, this court screens plaintiff's first amended complaint and addresses his pending

12  motions.

13                                         **SCREENING**

14        As described in this court's prior screening order, the court is required to screen

15  complaints brought by prisoners to determine whether they sufficiently state claims under 42

16  U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual

17  basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28

18  (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each

19  defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658

20  (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the

21  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

22  omits to perform an act which he is legally required to do that causes the deprivation of which

23  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24  **I.  First Amended Complaint**

25        Plaintiff identifies the following defendants, all of whom were employed at the South

26  Placer County Jail:  Officials/Officers Bailar, Waskowiak, Giovanaetti, Wooden, Lawica, Walker,

27  _____

28  [1] This court has pieced together plaintiff's apparent detention history from plaintiff's filings and
court records.

2

Bertoni, Kennedy, Carelton, and Cemina; Nurse Stive; and an unnamed dentist. Plaintiff's allegations are somewhat difficult to discern. As best this court can tell, plaintiff alleges the following. Regarding his criminal conviction, he complains that he was denied the right to a speedy trial and his plea agreement was not voluntary. Regarding the conditions of his confinement at the Jail, plaintiff makes a number of allegations:

1. In February 2021, he was denied sufficient water because the water supply to his cell was shut off. He states that medication he takes requires sufficient water to avoid side effects. Plaintiff told defendants Giovanaetti and Wooden about his need for water and they failed to "take reasonable measure to abate the substantial risk of serious harm" to plaintiff. He suffered internal bleeding and an infection as a result.

2. Defendants Lawica, Walker, and Bertoni searched plaintiff's cell several times. Defendant Lawica conducted a cell search and falsely accused plaintiff of having a "pill." That accusation resulted in plaintiff receiving less pain medication.

3. On May 23, defendants Waskowiak, Kennedy and a third officer (the court is unable to read that officer's name) used "unnecessary" force on plaintiff. Defendant Wooden then directed defendant Waskowiak and "Carelton[2]" to place plaintiff in handcuffs using force. Those officers then used excessive force by pressing plaintiff's cuffed hands into his waist. Defendant Kennedy observed what happened and failed to intervene. As a result, plaintiff suffered swollen arms and wrists, and bruising

4. Also on May 23, plaintiff was denied water to take his pain medication.

5. On May 24, several defendants pepper-sprayed him unnecessarily.

6. The warden and Giovanaetti kept plaintiff in the Security Housing Unit and Administrative Segregation for prolonged periods of time. While housed in those units, plaintiff was denied programming, exercise, and medical care. He also lost good time credits.

7. Defendant Stive failed to provide appropriate medical care.

8. The unnamed dentist failed to provide appropriate medical care.

---

[2] While plaintiff does not identify Carelton as a defendant in the initial part of his complaint, he refers to Carelton as a defendant here and this court will consider Carelton as such.

1   **II.  Does Plaintiff State any Cognizable Claims for Relief?**

2          This court finds that plaintiff states one potential claim for relief – that defendants

3   Waskowiak and Carelton used excessive force in violation of the Eighth Amendment.[3]  Plaintiff's

4   remaining allegations are not, sufficient to state claims for relief.

5          First, plaintiff's claims that he was denied water are not sufficiently specific.  Simply

6   stating a legal conclusion, for example, that defendants failed to take "reasonable measures," does

7   not explain what those defendants did.  To meet the Eighth or Fourteenth Amendment standard

8   for stating a claim, plaintiff must allege facts showing:  (1) just what each defendant did to deny

9   plaintiff water and for how long; (2) that each defendant knew denying plaintiff water for that

10  amount of time would result in a substantial risk that plaintiff would suffer a serious harm; (3)

11  what that harm was; (4) that each defendant knew what the harm was; and (5) that there was no

12  legitimate reason to deny plaintiff water.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Castro v.

13  Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).

14         Second, besides his claim that Waskowiak and Carelton used excessive force in cuffing

15  him, plaintiff fails to state any other claims for excessive force.  To state an Eighth Amendment

16  claim for excessive force, plaintiff must allege facts showing:  (1) specifically what each

17  defendant did; (2) that each defendant took that action knowing it was substantially likely to

18  cause plaintiff harm; (3) that each defendant was deliberately indifferent to that harm; (4) that

19  there was no legitimate reason for each defendant's actions; and (5) that the actions caused

20  plaintiff harm.  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).

21         Third, plaintiff's allegations that defendants Stive and the dentist failed to provide medical

22  care are too vague.  If plaintiff was a convicted prisoner when those incidents occurred, he must

23  attempt to state a claim under the Eighth Amendment.  To do so, plaintiff must allege facts

24  showing:  (1) in detail, just what each defendant did; (2) that each defendant knew their conduct

25  was substantially likely to cause plaintiff serious harm; (3) that each defendant was deliberately

26  indifferent to that risk of harm; and (4) that plaintiff suffered harm.  See Estelle v. Gamble, 429

27

28  [3] This court looks to the Eighth Amendment standard for plaintiff's excessive force claims
    because the incidents appear to have occurred after plaintiff was convicted.

4

1   U.S. 97, 106 (1976).  If plaintiff was a pretrial detainee when those incidents occurred, he must

2   allege facts showing a denial of his rights under the Fourteenth Amendment.  Specifically,

3   plaintiff must allege facts showing:  (1) in detail, just what each defendant did; (2) that each

4   defendant's conduct was unreasonable; (3) that plaintiff had a serious medical need; (4) that each

5   defendant knew of that need; and (5) that plaintiff suffered harm.  See Gordon v. Cnty. of Orange,

6   888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018).

7        Some of plaintiff's allegations do not state a constitutional claim.  Plaintiff's assertion that

8   defendant Lawica falsely claimed plaintiff had a pill in his cell does not state any sort of

9   constitutional violation.  If plaintiff is alleging that Lawica did so intentionally to cause plaintiff

10  to be deprived of pain medication, then plaintiff may be able to state a claim that Lawica was

11  deliberately indifferent to his serious medical needs.

12       Plaintiff's claim that his placement in segregated housing units caused numerous

13  deprivations also fails to amount to a constitutional violation.  Plaintiff can only state a claim that

14  the procedures used to place him there violated his rights if he first shows that placement in

15  segregated housing was an "atypical and significant hardship."  Sandin v. O'Connor, 512 U.S.

16  472, 485 (1995).  Courts have found the conditions of segregated housing met that standard only

17  when the conditions were unusual and extreme.  See, e.g., Brown v. Oregon Dept. of Corrs., 751

18  F.3d 983, 988 (9th Cir. 2014) (27 months in solitary confinement without most privileges

19  afforded inmates in the general population was atypical and significant).  The conditions plaintiff

20  alleges are typical of segregated housing so do not amount to an atypical and significant hardship.

21       To the extent plaintiff is trying to challenge his court proceedings and conviction, he may

22  not raise those issues in this case.  "[H]abeas corpus is the appropriate remedy" for such claims.

23  See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a §

24  1983 action to challenge "the fact or duration of his confinement.'"  (citations omitted)); see also

25  Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) ("[H]abeas corpus is the exclusive remedy

26  to attack the legality of the conviction or sentence.").

27       Finally, plaintiff is advised that the use of an unnamed or "Doe" defendant is not favored.

28  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d

5

1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp. 2d 1149, 1152 (E.D. Cal. 2008).  If plaintiff wishes to pursue a claim against the unnamed dentist, he must make every effort to determine the identity of that defendant prior to filing an amended complaint.

**III.  Conclusion**

Above, this court finds plaintiff states one potential claim for relief – that defendants Waskowiak and Carelton used excessive force when they cuffed him on May 23, 2021.  This court further finds plaintiff fails to state any other claims for relief under 42 U.S.C. § 1983.

Plaintiff has a choice.  He may proceed on his excessive force claim against Waskowiak and Carelton or he may amend his complaint to attempt to also state other claims.  Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file a second amended complaint, he must address the problems with his first amended complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of

6

1    Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

2           In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

3    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

4    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

5    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

6           The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

7    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

8    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

9    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

10   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

11   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

12   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

13          An amended complaint must be complete in itself without reference to any prior pleading.

14   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

15   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

16   evidentiary support for his allegations, and for violation of this rule the court may impose

17   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

18          **REQUEST FOR THE APPOINTMENT OF COUNSEL AND INVESTIGATOR**

19          Plaintiff states that he is disabled and indigent.  He argues that his plea deal was not

20   voluntary and the district attorney withheld evidence from the defense.  Plaintiff further states that

21   he was assaulted by officials at Salinas Valley State Prison in late 2021, which, he appears to

22   allege, caused head trauma.  Plaintiff complains that he has limited access to resources.  (ECF No.

23   15.)

24          The United States Supreme Court has ruled that district courts lack authority to require

25   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

26   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

27   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

28   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1    The test for exceptional circumstances requires the court to evaluate the plaintiff's

2 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

3 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

4 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

5 common to most prisoners, such as lack of legal education, limited law library access, and

6 indigency, do not establish exceptional circumstances that would warrant a request for voluntary

7 assistance of counsel.  In the present case, the court does not find the required exceptional

8 circumstances.

9    Plaintiff asks that if the court deny his request for counsel, he be appointed an

10 investigator.  As plaintiff has been informed previously, this court is not authorized to appoint a

11 court-funded investigator for him.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989); 28 U.S.C. §

12 1915.

13                          **MOTION FOR CONSOLIDATION**

14    It is not clear why plaintiff seeks consolidation of the present case with Khademi v.

15 Roseville Police Dept., 2:21-cv-0966 JAM DMC P.  (ECF Nos. 15, 16.)  His case against the

16 Roseville Police Department and others involves different conduct by different defendants.

17 Because these cases do not share common questions of law or fact, this court finds no basis upon

18 which to consolidate them.

19                     **MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

20    Plaintiff filed this motion in both the present case and in Khademi v. Roseville Police

21 Dept., 2:21-cv-0966 JAM DMC P.  He alleges a wide variety of misconduct.  Among other

22 things, he challenges conduct that occurred when he was transferred to, and during his

23 incarceration at, North Kern State Prison, conduct that involved a 2017 assault, and the denial of a

24 habeas corpus petition he had in this court.  As best this court can tell, plaintiff seeks some sort of

25 court proceeding regarding his habeas case.  (ECF No. 16.)

26    A party requesting preliminary injunctive relief must show that "he is likely to succeed on

27 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

28 balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

1  Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

2  hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

3  Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

4          The principle purpose of preliminary injunctive relief is to preserve the court's power to

5  render a meaningful decision after a trial on the merits.  See 11A Charles Alan Wright & Arthur

6  R. Miller, Federal Practice and Procedure § 2947 (3d ed.).  Implicit in this required showing is

7  that the relief awarded is only temporary and there will be a full hearing on the merits of the

8  claims raised in the injunction when the action is brought to trial.

9          To the extent plaintiff seeks a hearing regarding his habeas corpus petition, that request

10  bears no relationship to the present case.  If the court granted plaintiff's request, it would not

11  affect the proceedings in this § 1983 action against defendants at the South Placer County Jail.

12  To extent plaintiff seeks some other sort of injunction regarding his treatment in the Jail or state

13  prison system, because plaintiff is no longer incarcerated in jail or prison, any injunctive relief

14  against the defendants in this case would have no effect on plaintiff's present circumstances.

15          Accordingly, this court will recommend plaintiff's motion for preliminary injunctive relief

16  be denied.

17          For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

18  follows:

19      1.  Plaintiff has stated a cognizable Eighth Amendment excessive force claims against

20          defendants Waskowiak and Carelton.

21      2.  Plaintiff's remaining claims in the first amended complaint are dismissed with leave to

22          amend.

23      3.  Plaintiff may choose to proceed on his cognizable claim set out above or he may choose

24          to amend his first amended complaint.

25      4.  Within thirty days of the filed date of this order, plaintiff shall fill out and return the

26          attached form indicating how he would like to proceed in this action.

27      5.  Plaintiff's motion for the appointment of counsel and an investigator (ECF No. 15) is

28          denied.

9

1      6.  Plaintiff's motion for consolidation (ECF Nos. 15, 16) is denied.

2      7.  Plaintiff is warned that his failure to comply with this order will result in a

3          recommendation that this action be dismissed.

4      Further, IT IS RECOMMENDED that plaintiff's motion for preliminary injunctive relief

5  (ECF No. 16) be denied.

6      These findings and recommendations will be submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

8  being served with these findings and recommendations, plaintiff may file written objections with

9  the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

10 Recommendations."  Plaintiff is advised that failure to file objections within the specified time

11 may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d

12 1153 (9th Cir. 1991).

13 Dated:  March 8, 2022

14

15

16                                        DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22 DLB:9
   DB prisoner inbox/civil rights/S/khad1498.FAC scrn LTA or proceed
23

24

25

26

27

28

                                          10

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    DAVOOD KHADEMI,                          No.  2:21-cv-1498 KJM DB P

10                   Plaintiff,

11        v.                                  PLAINTIFF'S NOTICE ON HOW TO
                                              PROCEED
12   SOUTH PLACER CO. JAIL, et al.,

13                   Defendants.

14
     Check one:
15
     _____    Plaintiff wants to proceed immediately on his claim in the first amended complaint that
16
             defendants Waskowiak and Carelton used excessive force in violation of the Eighth
17
             Amendment when they used handcuffs on him on May 23, 2021.  Plaintiff understands
18
             that by going forward without amending the first amended complaint he is voluntarily
19
             dismissing all other claims.
20

21
     _____    Plaintiff wants to amend the first amended complaint.
22

23

24   DATED:_____
25

26
                          _____
27                          Plaintiff Davood Khademi, Pro Se
28

                                        11